IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF DAVID M. CHAUNCEY, DECEASED.

*Practice—trial of an action at a Special Term in case of the disability of the surrogate— Code of Civil Procedure, secs. 2545, 2486 — Requests for findings — power of the justice to allow them to be made after the case has been submitted — General Rule No. 32.*

An application to admit the will of D. M. Chauncey, deceased, to probate was tried before a justice of the Supreme Court, the surrogate being a subscribing witness to the will and thereby disqualified from hearing and determining the question raised by the contestant. On October 8, 1883, before the case had been finally decided, the parties met before the justice and the respondent stated that he desired to submit certain requests to find, and asked for time to do so. The justice then stated, in the presence of the appellant, that the requests might be handed in and that he would pass upon them as of the date of signing the decree. Judgment was granted on that day and filed on October tenth. On October twenty-fifth requests to find were submitted, and thereafter the same were with the judge's allowance and disallowance, by an order dated November 12, 1883, directed to be filed *nunc pro tunc* as of October eighth.

*Held*, that even if the practice was in any respect irregular, the appellant had waived his right to object thereto by acquiescing in the arrangement made by the justice.

The requirement of Rule 32 of the General Rules of Practice, that "all requests to find facts or conclusions of law must be made in writing to the judge or referee before whom the trial was had, at or before the time of the submission of the action for decision," may be waived by the consent of the parties and the approval of the judge who tries the case.

*It seems*, that the provisions of section 2545 of the Code of Civil Procedure, authorizing either party upon the settlement of a case in an action tried before a surrogate to request a finding upon any question of fact, or a ruling upon any question of law, are applicable to actions tried before a Special Term of the Supreme Court, as provided in section 2486 of the said Code, in cases where the surrogate is disabled from acting. (Per PRATT, J.)

APPEAL from portions of an order made at a Special Term.

This was an application to have the will of David M. Chauncey admitted to probate. The surrogate of Kings county was a subscribing witness and thereby disqualified from acting. The trial was had before Mr. Justice BROWN at Special Term, and concluded on the 20th of July, 1883. Judgment was granted October eighth,

and filed October tenth. On the 25th of October, 1883, "requests to find" were submitted by the respondent, which "requests to find," together with the judge's allowance and disallowance marked thereon, were, by an *ex parte* order, dated November 12, 1883, directed to be filed *nunc pro tunc*, as of the eighth of October. The appellant made a motion to vacate said *ex parte* order, and to have the requests to find stricken from the proceedings herein. . The motion to vacate the said order was granted on the ground that after a decision rendered upon the trial of an action by the court the judge had no power to pass upon requests to find; but the motion to strike the findings from the proceedings was denied, on the ground that in this case the court possessed the powers conferred upon the Surrogate's Court by section 2486 of the Code of Civil Procedure, and that when the case came to be settled the judge would be governed by the practice in the Surrogate's Court, and could thus pass upon them, so that there was no necessity of now striking them from the record. This appeal is taken from the denial of the motion to strike the "requests to find" from the record.

*Wm. S. Cogswell*, for George W. Chauncey, respondent and appellant.

*John G. Agar* and *J. Noble Hayes*, for the respondents, Libbie Chauncey and others.

PRATT, J.:

The legislature seems to have considered that in disposing of such controversies as are adjudicated in the Surrogate's Court, that the magistrate should be allowed, in the preparations of his findings, the benefit of such deliberation as may occur between the time of his decision and the final settlement of the case upon appeal. (Code, § 2545.) There is no reason why a judge of the Supreme Court in deciding similar controversies should be denied the same power.

The Code provides (sec. 2486), that the Supreme Court at Special Term performing the surrogate's duties, shall possess all his powers. Nor does section 2490 of the Code, which provides that " the special proceeding must be entitled in that court (*i. e.*, Supreme Court) and the papers therein must be filed or recorded as the case may be, and

issues thereon must be tried as in an action brought in that court," prevent the judge from exercising the power which a surrogate could exercise in such case, for the reason that the submission of findings is not necessarily a part of the trial. A trial is the examination before a competent tribunal, according to the laws of the land, of the facts put in issue for the purpose of determining such issue. The trial ends when the case is submitted for determination. (*Mygatt* v. *Willcox*, 35 How., 410.) But under section 1023 of the Code, it will be observed that the proposed findings may be submitted, after the case is submitted for decision, within such time as the court or referee may allow. Hence, submission of findings is not necessarily a part of the trial, and is not covered or controlled by the words in section 2494, " must be tried as in an action brought in that court," because these words refer only to the trial.

Aside, however, from any question arising upon a construction of the Code, we think the order should be affirmed upon the ground that in legal contemplation the requests were submitted prior to the decision, and that the appellant is estopped from asserting that they were not so submitted.

It appears that on the 8th of October, 1883, before a final decision of the case, the parties met before the judge, when the respondent stated that he desired to submit requests to find, and requested time to do so. The justice then stated in the presence of the appellant, that requests might be handed in, and he would pass upon them as of the date of signing the decree. The decree was signed with that understanding. This was binding upon the appellants. They cannot be heard now to object when it appears that they acquiesced in the arrangement made, by which the contestants were to consent to the signing of the decree, and thereby have the right to send in requests to find afterwards, and to have them passed upon as of that date. The Rule No. 32, as to time of submitting requests to find, can undoubtedly be waived by consent of parties and the approval of the judge who tries the case. The proponents were not injured by this order. Had it not been understood that the requests might be handed to the judge and passed upon as of that day, an adjournment would have been had to allow the contestants to comply with the rule.

The request to adjourn was withdrawn upon the assurance before

stated, and the proponents availed themselves of the benefits secured thereby, without in any manner objecting to the arrangement. Assuming, therefore, for the purposes of this decision that the practice was irregular, or even that it comes within the prohibition of Rule 32, yet the appellants have waived their right to insist upon the objection.

The order should be affirmed, with costs and disbursements.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Order affirmed, with costs and disbursements.